FILED

2008 Dec-18 PM 04:29
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | | |
|---|---|---|
| **LASHEA, LLC,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **CIVIL ACTION NO.:** |
| **NOBLE HOME FASHIONS, LLC,** | ) | |
| **WAL-MART STORES, INC., NINGBO** | ) | **5:08-CV-01162-SLB** |
| **OCEAN TEXTILES CO., LTD.,** | ) | |
| **NINGBO OCEAN ENTERPRISES** | ) | |
| **CO., LTD., and OCEAN TEAM** | ) | |
| **INDUSTRIAL LIMITED** | ) | |
| | ) | |
| **Defendants.** | ) | |

### <u>FIRST AMENDED COMPLAINT</u>

Plaintiff LaShea, LLC ("LaShea") brings this complaint against the defendants Noble Home Fashions, LLC ("Noble Home"), Wal-Mart Stores, Inc. ("Wal-Mart"), Ningbo Ocean Textiles Co., Ltd. ("Ocean Textiles"), Ningbo Ocean Enterprises Co., Ltd. ("Ocean Enterprises"), and Ocean Team Industrial Limited ("Ocean Team"), and, in support, states as follows:

### PARTIES, JURISDICTION, AND VENUE

1.     LaShea is a limited liability company organized under the laws of the State of Alabama with its principal place of business in Prattville, Alabama, and is a citizen of the State of Alabama.

2.    Noble Home is a limited liability company organized under the laws of the State of Alabama with its principal place of business in Madison, Alabama, and is a citizen of the State of Alabama.

3.    Wal-Mart is a corporation organized under the laws of Delaware and has its principal place of business in Bentonville, Arkansas.  Accordingly, Wal-Mart is a citizen of the State of Delaware and of the State of Arkansas.  Wal-Mart has numerous stores and does business throughout North Alabama.

4.    Ocean Textiles is, upon information and belief and according to discovery submitted by Noble Home, a Chinese manufacturing company that supplied the infringing pillows, as defined below, to Noble Home in Alabama.  Ocean Textiles has sufficient minimum contacts with the State of Alabama such that this court may exert personal jurisdiction over it.

5.    Ocean Enterprises is, upon information and belief, a Chinese manufacturing company that supplied the infringing pillows, as defined below, to Noble Home in Alabama.  Ocean Enterprises has sufficient minimum contacts with the State of Alabama such that this court may exert personal jurisdiction over it.

6.    Ocean Team is, upon information and belief and according to discovery submitted by Noble Home, a Chinese manufacturing company that supplied the infringing pillows, as defined below, to Noble Home in Alabama.  Ocean Team has

sufficient minimum contacts with the State of Alabama such that this court may exert personal jurisdiction over it.

7.    This Court has jurisdiction under 28 U.S.C. §§ 1331, 1338(a), 1338(b), 17 U.S.C. § 411(a) and under the principles of supplemental jurisdiction, 28 U.S.C. § 1367(a).

8.    Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400(a).

## ALLEGATIONS

9.    LaShea was started in 2002 by Christie Kidd, Michael Kidd, Troy LaDon Pate and Betty Pate.  LaShea is in the business of designing, creating, producing, distributing and marketing various personal accessories such as handbags and totes, as well as home accessories such as tea towels and decorative pillows.  These products are manufactured to a very high standard and are sold in upscale boutiques.

10.    Christie Kidd is the designer of the products sold by LaShea.  Mrs. Kidd has a degree in apparel and textile design from the University of Alabama.  Over the years, she has created handwritten designs for LaShea products based upon her own unique style of handwriting.

11.    Mrs. Kidd's handwritten designs are featured on most, if not all, of LaShea's products.  Her designs are also featured in LaShea's catalogue, and the logo design for the company name, "LaShea," is also a handwritten design created by Mrs.

Kidd.   Thus, LaShea's customers have come to identify Mrs. Kidd's handwritten designs as indicating that a given product was designed and manufactured by LaShea, and the use of her handwritten designs by an entity other than LaShea creates a likelihood of confusion in the minds of consumers about the origin of a product.

12.   Mrs. Kidd's *particular* handwriting is nonfunctional.

13.   Mrs. Kidd's handwritten designs were never used by any entity other than LaShea until her handwritten designs were illegally copied, imitated and used by the defendants.

14.   LaShea has sold its products to a customer base of more than 100 upscale boutiques over the past five years.  Two of its products feature handwritten designs of the phrases "Be Naughty Save Santa the trip" and "Dear Santa, I want it all!"  (These designs are referred to hereafter as "The Subject Works.")  *See* LaShea Originals illustrated in Exhibit "A" attached hereto.

15.   LaShea's handwritten designs have never been licensed to a third party, such as Noble Home, Wal-Mart, Ocean Textiles, Ocean Enterprises, or Ocean Team.

16.    The Subject Works contain material wholly original with LaShea that is copyrightable subject matter under the laws of the United States.

17.   LaShea applied to the Register of Copyrights for a Certificate of Registration for the Subject Works (a true and correct copy of this application is

attached hereto as Exhibit "B").  LaShea's application was initially denied (a true and correct copy is attached hereto as Exhibit "C").  LaShea submitted a request for reconsideration to the Copyright Office (a true and correct copy is attached hereto as Exhibit "D"), which was also denied (a true and correct copy is attached hereto as Exhibit "E").  LaShea has submitted a second request for reconsideration to the Copyright Office (a true and correct copy is attached hereto as Exhibit "F").  On December 18, 2008, LaShea served the Copyright Office with notice of the filing of this amended complaint, as required by 17 U.S.C. § 411(a) (a true and correct copy is attached hereto as Exhibit "G").

18.    LaShea is and has been at all times the sole proprietor of all rights, title, and interest in and to the copyright in the Subject Works.

19.    In or before the 2007 holiday season, Wal-Mart began carrying low-cost holiday pillows featuring two of LaShea's handwritten designs.  A third low-cost pillow carried by Wal-Mart during the 2007 holiday season closely imitated and copied LaShea's handwritten designs.  The Noble Home products are referred to hereinafter as the "Noble Home Imitations" or the "infringing pillows."

20.    The infringing pillows were manufactured, sold, and/or distributed by Noble Home to Wal-Mart, and, perhaps, others.  *See* Noble Home Imitations illustrated in Exhibit "A."

21.     Alternatively, upon information and belief and according to discovery submitted by Noble Home, the infringing pillows were manufactured for and/or sold to Noble Home by Ocean Textiles.  The infringing pillows were then sold by Noble Home to Wal-Mart, and, perhaps, others.

22.     Alternatively, upon information and belief, the infringing pillows were manufactured for and/or sold to Noble Home by Ocean Enterprises.  The infringing pillows were then sold by Noble Home to Wal-Mart, and, perhaps, others.

23.     Alternatively, upon information and belief and according to discovery submitted by Noble Home, the infringing pillows were manufactured for and/or sold to Noble Home by Ocean Team.  The infringing pillows were then sold by Noble Home to Wal-Mart, and, perhaps, others.

24.     The Noble Home Imitations were not authorized or licensed by LaShea.

25.     Two of infringing pillows featured *exact copies* of LaShea's handwritten designs for the phrases "Be Naughty Save Santa the trip" and "Dear Santa, I want it all!"  A third infringing product features a careful imitation of the LaShea handwritten designs.

26.     LaShea's handwritten designs are unique, idiosyncratic and "inconsistent" in that the letters are not always drawn the same way.  For example, a capital "S," is not always formed the same way.  Yet, adjusting for size, the handwritten designs on

the two infringing pillows could be *superimposed* upon LaShea's handwritten designs on two of its tea towels which feature the same phrases.  *Compare* LaShea Originals and Noble Home Imitations illustrated in Exhibit "A."

27.    On December 10, 2007, Michael Kidd wrote to Wal-Mart and Noble Home informing each company of the infringement.  On January 2, 2007, Wal-Mart acknowledged receipt of the letter, but took no action to correct the infringement. Noble Home did not respond to Mr. Kidd's letter.

28.    Despite notification of the infringement, the defendants continued to deliberately infringe upon LaShea's trade dress and designs and persisted in unfair competition and unfair trade practices in the sale and distribution of products featuring direct copies of LaShea's designs.

29.    The defendants engaged in a deliberate attempt to pass off the infringing pillows as if they were LaShea's products in a manner calculated to deceive LaShea's customers and members of the general public.  In particular, the defendants have copied LaShea's trade dress in an effort to make the appearance of the defendants' infringing products confusingly similar to that of LaShea's products.

30.    The defendants' wrongful conduct has and will continue to deprive LaShea of the benefits of selling its work and derivative works thereof, to deprive

LaShea of good will, and to injure LaShea's relations with present and prospective customers.

31.    The defendants' wrongful conduct has and will continue to unjustly enrich the defendants.

32.    LaShea has lost and will continue to lose substantial revenues from the sale of the its products and will sustain damage as a result of the defendants' wrongful conduct and the defendants' manufacture, importation, public display, public distribution, and sale of these infringing products. The defendants' wrongful conduct has also deprived and will continue to deprive LaShea of opportunities for expanding its good will.

33.    Unless enjoined by this Court, the defendants will continue their course of conduct and continue to wrongfully use, infringe upon, sell, and otherwise profit from LaShea's work and works derived from it. As a direct and proximate result of the acts of the defendants alleged above, LaShea has already suffered irreparable damage and has sustained lost profits. LaShea has no adequate remedy at law to redress all of the injuries that the defendants have caused and intend to cause by their conduct. LaShea will continue to suffer irreparable damage and sustain lost profits until the defendants' actions alleged above are enjoined by this Court.

## Count One
## Violation of the Lanham Act, 15 U.S.C. § 1125(a)

34.     LaShea repeats and realleges each and every allegation set forth in the foregoing paragraphs and incorporates them herein by reference.

35.     By their actions alleged above, the defendants have violated 15 U.S.C. § 1125(a) by appropriating LaShea's trade dress in a way which is likely to cause confusion or mistake, and to deceive the public as to the affiliation, connection or association of the defendants' goods with LaShea, and as to the origin, sponsorship, or approval of the defendants' goods by LaShea.  In so doing, the defendants are causing irreparable and immediate injury to LaShea.

36.     In addition, because the defendants' unauthorized use of the LaShea designs was willful, deliberate or fraudulent within the meaning of the Lanham Act, LaShea is entitled to its attorney's fees and costs of suit.

37.     LaShea is also entitled to injunctive relief pursuant to 15 U.S.C. § 1116(a).  LaShea has no adequate remedy at law for the defendants' wrongful conduct because, among other things, (a) LaShea's trade dress is unique and valuable property which has no readily determinable market value, (b) the defendants' infringement constitutes harm to LaShea such that LaShea could not be made whole by any monetary award, (c) if the defendants' wrongful conduct is allowed to continue, the public is likely to become further confused, mistaken or deceived as to the source,

origin or authenticity of the infringing materials, and (d) the defendants' wrongful conduct, and the resulting damage to LaShea, is continuing.

## Count Two
## Alabama Unfair Competition

38.    LaShea repeats and realleges each and every allegation set forth in foregoing paragraphs and incorporates them herein by reference.

39.    By their actions alleged above, the defendants have deliberately engaged in unfair competition under the laws of the State of Alabama.

40.    As a result of the defendants' actions previously alleged, customers have been and will be deceived as to the source and origin of the defendants' goods; LaShea has and will continue to lose business it would otherwise have obtained if not for the defendants' unfair competition; and the defendants' goods have been and will be "palmed off" on customers as the goods of LaShea.

41.    The defendants wrongfully and without authorization have passed off their products as those designed and manufactured by LaShea.  The defendants' conduct constitutes unfair competition under the common law of the state of Alabama.  The defendants' unfair competition has been deceptive, willful, deliberate, and malicious.

42.    The defendants profited from their unlawful conduct.

43.     LaShea has been, and continues to be, damaged by the defendants' unlawful conduct.  Damages, including punitive damages, should be awarded against the defendants for their conduct.

**Count Three**
**Alabama Deceptive Trade Practices Act**

44.     LaShea repeats and realleges each and every allegation set forth in foregoing paragraphs and incorporates them herein by reference.

45.     By their actions alleged above, the defendants have engaged in an unfair method of competition and unfair and deceptive acts and practices in the conduct of trade or commerce in violation of Alabama Code 1975 § 8-19-5.

46.     By their actions alleged above, the defendants have passed off their goods as the goods of LaShea and have caused confusion or misunderstanding as to the source of the goods; and caused confusion or misunderstanding as to the connection or association of the defendants' goods with LaShea.

47.     The defendants profited from their unlawful conduct.

48.     LaShea has been, and continues to be, damaged by the defendants' unlawful conduct.  Damages, including punitive damages, should be awarded against the defendants for their conduct.

11

**Count Four**
**Unjust Enrichment**

49.     LaShea repeats and realleges each and every allegation set forth in foregoing paragraphs and incorporates them herein by reference.

50.     The defendants have been unjustly enriched by using LaShea's handwritten designs and trade dress which they misappropriated and wrongfully copied and imitated from LaShea.  The defendants have misappropriated novel, valuable and proprietary property of LaShea, namely the handwritten design, manufacture, and marketing of soft goods utilizing the LaShea handwritten design and trade dress.  The defendants are wrongfully benefiting and profiting from the unauthorized use of LaShea's property.

51.     By virtue of the defendants' wrongful conduct, the defendants have illegally received money, profits, and benefits that rightfully belong to LaShea.

52.     Upon information and belief, the defendants hold the illegally received money and profits in the form of bank accounts, real property, or personal property that can be located and traced.

53.     The defendants hold the money and profits they have illegally received as constructive trustees for the benefit of LaShea.  LaShea is entitled to an accounting all monies, profits, and benefits traceable to such wrongful conduct, including a

constructive trust placed on any assets realized from or traceable to such unjust enrichment.

**Count Five**
**Violation of the Copyright Act, 17 U.S.C. §§ 101, et seq.**

54.     LaShea repeats and realleges each and every allegation set forth in foregoing paragraphs and incorporates them herein by reference.

55.     By their actions alleged above, defendants have negligently and willfully infringed and will continue to so infringe LaShea's copyright in the Subject Works by producing, manufacturing, importing, advertising, publicly displaying, publicly distributing, selling and placing upon the market products which are direct copies of LaShea's copyrighted Subject Works, in violation of the exclusive rights of LaShea as the copyright owner.

56.     The defendants profited from their unlawful conduct.

LaShea has been, and continues to be, damaged by the defendants' unlawful conduct. Damages, including punitive damages, should be awarded against the defendants for their conduct.

## PRAYER FOR RELIEF

WHEREFORE, LaShea prays for judgment against the defendants Noble Home, Wal-Mart, Ocean Textiles, Ocean Enterprises, and Ocean Team as follows:

1.      That the Court issue preliminary and permanent injunctions ordering that the defendants and all persons in active concert or privity or in participation with them be enjoined from

(a)      directly or indirectly infringing LaShea's handwritten designs, copyright, and trade dress;

(b)      continuing to develop, manufacture or have manufactured, import, market, publicly display, publicly distribute, offer, sell, dispose of, license, lease, transfer, or advertise any works derived from or copied from LaShea's handwritten designs and trade dress or to participate or assist in any such activity;

(c)      using any false designation of origin or false or misleading description or false or misleading representation that can or is likely to lead the trade or public or individuals erroneously to believe that any soft goods have been manufactured, assembled, produced, distributed, offered for distribution, circulation, sold, offered for sale, imported, advertised, promoted, displayed,

licensed, sponsored, approved, or authorized by or for LaShea, when such is not true in fact; and

      (d)    assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (a) through (c) above.

2.    That the Court issue preliminary and permanent injunctions requiring and ordering the defendants and all persons in active concert or participation with the defendants, to locate, collect and return to LaShea all infringing goods.

3.    That the Court compel the defendants to deliver under oath, to be impounded during the pendency of this action and destroyed pursuant to judgment herein, all originals, copies, facsimiles or duplicates of any work shown by the evidence to infringe upon LaShea's rights.

4.    That the Court compel the defendants to file with the Court and to serve on LaShea, within thirty (30) days after service of this Court's order as herein prayed, a report in writing under oath setting forth in detail the manner and form in which the defendants have complied with the Court's order pursuant to 15 U.S.C. § 1116(a).

5.    That judgment be entered for LaShea and against the defendants jointly and severally for the following: (a) LaShea's damages and (b) the defendants' profits

derived from infringements of LaShea's handwritten designs, copyright, and trade dress, the defendants' unfair competition, and the defendants' deceptive trade practices.

6.    That the defendants be required to account for all gains, profits and advantages derived from their acts of infringement and for their other violations of law.

7.    That all gains, profits, and advantages derived by the defendants from their acts of infringement and other violations of law be deemed to be held in constructive trust for the benefit of LaShea.

8.    That the Court order the defendants jointly and severally to pay LaShea's general, actual, punitive, and exemplary damages as follows:

(a)    LaShea's damages and the defendants' profits pursuant to 15 U.S.C. § 1117(a), trebled or enhanced in the Court's discretion, for the defendants' willful violation of 15 U.S.C. § 1125(a) in connection with their use of the LaShea handwritten designs and trade dress; and

(b)    LaShea's damages, the defendants' profits, and any other benefit conferred on the defendants attributable to their misappropriation of LaShea's handwritten designs and trade dress, pursuant to Alabama Code § 8-18-1, *et seq.*, and, in addition, exemplary damages pursuant to Alabama Code § 8-19-10 because the defendants' actions were willful and malicious;

(c)    LaShea's actual damages and defendants' profits pursuant to 17 U.S.C. § 504(b), statutory damages pursuant to 17 U.S.C. § 504(c)(1)-(2), together with costs and attorneys' fees pursuant to 17 U.S.C. § 504(d).

(d)    LaShea's damages and the defendants' profits pursuant to Alabama common law; and

(e)    Such punitive damages as a jury may assess in its discretion for the defendants' willful, wanton, and deliberate unfair competition and fraud.

9.    That judgment be entered for LaShea and against the defendants jointly and severally for actual and trebled or enhanced damages under 15 U.S.C. § 1117.

10.    That LaShea have judgment against the defendants jointly and severally for LaShea's full costs, expenses, and attorneys' fees.

11.    That the Court grant such other, further, and different relief as the Court deems proper under the circumstances.

**PLAINTIFF HEREBY DEMANDS A TRIAL BY STRUCK JURY.**

/s/ F. Lane Finch, Jr.
F. LANE FINCH, JR.
        Bar Number:  ASB-0027-I58F
        E-Mail:  flf@hsy.com
SANDRA PAYNE HAGOOD
        Bar Number:  ASB-0360-S73H
        E-Mail:  sph@hsy.com
REBECCA A. BEERS
        Bar Number:  ASB-0409-C62B
        E-Mail:  rb@hsy.com

17

Attorneys for Plaintiff LaShea, LLC

OF COUNSEL:
HASKELL SLAUGHTER YOUNG
   & REDIKER, LLC
2001 Park Place, Suite 1400
Birmingham, Alabama 35203
Tel:  205-251-1000
Fax:  205-324-1133

## CERTIFICATE OF SERVICE

    I hereby certify that the foregoing has been served upon all parties or their attorneys of record by serving a true and exact copy of same via this Court's CM/ECF electronic filing system or via U. S. mail, postage prepaid, and properly addressed, this the 18th day of December, 2008.

| | |
|---|---|
| Robert R. Baugh, Esq. | Frank M. Caprio, Esq. |
| Stephen R. Geisler, Esq. | Kimberly Bessiere Martin, Esq. |
| Jaime C. Erdberg, Esq. | Benjamin Lee McArthur, Esq. |
| Sirote & Permutt, P.C. | Bradley Arant Rose & White, LLP |
| 2311 Highland Avenue South | 200 Clinton Avenue West |
| P.O. Box 55727 | Suite 900 |
| Birmingham AL  35255-5727 | Huntsville AL  35801-4900 |

United States Copyright Office
Library of Congress
101 Independence Avenue SE
Washington DC 20559-6000

/s/ F. Lane Finch, Jr.
OF COUNSEL

1543628_2.DOC

18