UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| **LASHEA, LLC,** } | |
| } | |
| Plaintiff, } | |
| } | |
| v. } | **CASE NO. 5:08-cv-1162-SLB** |
| } | |
| **NINGBO OCEAN TEXTILES CO.,** } | |
| **LTD.,** } | |
| } | |
| Defendant. } | |

## **MEMORANDUM OPINION**

The case is currently pending before the court on plaintiff's Renewed Motion for Entry of Default Judgment against defendant Ningbo Ocean Textiles Co., Ltd. ("Ocean Textiles"). (Doc. 51.)[1] For the reasons set forth below, the court finds that the Renewed Motion for Entry of Default Judgment is due to be granted in part and denied in part.

## **BACKGROUND**

Plaintiff filed its complaint in the District Court for the Northern District of Alabama on June 30, 2008. (Doc. 1.) On December 18, 2008, the plaintiff filed a First Amended Complaint, seeking damages for (1) violations of the Lanham Act, 15 U.S.C. § 1125(a); (2) violations of Alabama's Unfair Competition law; (3) violations of Alabama's Deceptive Trade Practices Act; (4) Unjust Enrichment; and (5) violations of the Copyright Act, 17 U.S.C. § 101, *et seq*. (Doc. 18.)

---

[1] Reference to a document number, ["Doc. \_\_\_\_\_"], refers to the number assigned to each document as it is filed in the court's record.

1

Plaintiff served Ocean Textiles in accordance with Article 5(a) of the Hague Convention,[2] which allows service "by a method prescribed by [the foreign country's] internal law for the service of documents in domestic actions upon persons who are within its territory." Hague Convention art. 5(a), 20 U.S.T. 361. After a defendant is served, the Central Authority of the state addressed must complete a certificate stating whether the service occurred or not and stating "the method, the place, and the date of service and the person to whom the document was delivered." Hague Convention, art.6. This Certificate was filed with this Court on June 5, 2009. (Doc. 26-1 at 2.)

To date, Ocean Textiles has failed to appear or otherwise respond to the Complaint, and the time to answer has expired. (Doc. 48.) Ocean Textiles is not subject to any defense by reason of age, disability, or service in the United States Military. (Doc. 51-1 ¶ 5.) On January 25, 2010, more than six months after Ocean Textiles was served, plaintiff filed a Motion for Entry of Default and Default Judgment against Ocean Textiles. (Doc. 45.) In the Motion, plaintiff sought Default Judgment in the amount of $257,804.22 for recovery of "all gains, profits, and advantages" derived by the defendant, attorney's fees of $103,121.68, and costs and expenses. (Doc. 45 ¶ 8.) An Affidavit of plaintiff's counsel, F. Lane Finch, Jr., was filed with the Motion, along with business records showing the amounts of

---

[2] Federal Rule of Civil Procedure 4(f) governs service upon corporations, partnerships, or associations in a foreign country and allows for service of process "by any internationally agreed means reasonably calculated to give notice, such as those means authorized by the Hague Convention on the Service of Judicial and Extrajudicial Documents." Fed. R. Civ. P. 4(f)(1); Fed. R. Civ. P. 4(h)(2). Both the United States and the People's Republic of China, where Ocean Textiles is located, are signatories to the Hague Convention.

2

defendant's sales of the infringing goods to Noble Home Fashions, LLC.[3]  (Doc. 45 at 5-7.) On September 21, 2010, the Entry of Default was entered by the Clerk of the Court. (Doc. 48.)

On September 27, 2010, this court granted plaintiff's first Motion for Entry of Default and Default Judgment against Ocean Textiles, (Doc. 45), to the extent that the Clerk had entered the default of Ocean Textiles, and otherwise denied the Motion. The court instructed plaintiff to re-file its motion for default judgment and to attach supporting affidavits proving its alleged damages. (Doc. 50.) Plaintiff responded to the court order by filing a Renewed Motion for Entry of Default Judgment on October 15, 2010, (Doc. 51), and a Notice of Filing Affidavit in Support of Default on March 3, 2011, (Doc. 52).

## DISCUSSION

Under Rule 55 of the Federal Rules of Civil Procedure, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." There are two steps to obtaining a judgment by default: the clerk's entry of default and the subsequent entry of judgment by default by the court. Fed. R. Civ. P. 55(a)-(b). In this case, the Clerk has entered default against defendant Ocean Textiles and the plaintiff has moved this court to enter judgment by default pursuant to Rule 55(b)(2) of the Federal Rules of Civil

---

[3] In some of plaintiff's filings, plaintiff referred to Noble Home Fashions as "Noble Home Furnishings." (Doc. 45 ¶ 6, Doc. 51-1 ¶ 6.) This defendant was identified in the Complaint and in its Answer as "Noble Home Fashions, LLC." (Doc. 18, Am. Compl.; Doc. 22.) Therefore, the court will use the name "Noble Home Fashions, LLC" when referring to this defendant.

Procedure. The court may conduct hearings to enter or effectuate judgment if it needs to determine the amount of damages or establish the truth of any averment by evidence or make an investigation of any other matter. Fed. R. Civ. P. 55(b)(2). No evidentiary hearing is needed "when the district court already has a wealth of evidence from the party requesting the hearing, such that any additional evidence would be truly unnecessary to a fully informed determination of damages." *Guar. Co. N. Am. USA v. Gadcon, Inc.*, 2010 WL 2202805, at *3 n.6 (S.D. Ala. May 28, 2010) (quoting *S.E.C. v. Smyth*, 420 F.3d 1225, 1232 n. 13 (11th Cir. 2005)). Here, the court finds the evidence regarding damages is of record and, therefore, a hearing is not required.

"A default judgment may not be entered by the Court solely on the basis of the clerk's entry of default. Rather, the allegations in the Complaint must present a 'sufficient basis' to support the default judgment on the issue of liability." *ALFA Corp. v. ALFA Mortgage, Inc.*, 560 F. Supp. 2d 1166, 1174 (M.D. Ala. 2008) (quoting *Nishimatsu Const. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). "Allegations which are well pleaded, except those pertaining to the amount of damages, are taken as true, and a defendant cannot later seek to contradict those allegations." *Id.* "Consequently, in defaulting, a defendant 'admits the plaintiff's well-pleaded allegations of fact.'" *Id.* (quoting *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987)). Nevertheless, the measure of damages must be proved. *Id.* (quoting *DIRECTV, Inc. v. Huynh,* 318 F. Supp. 2d 1122, 1127 (M.D. Ala. 2004)).

**A. Damages Under the Copyright Act**

Plaintiff contends it is entitled to damages, costs and attorney's fees under the Copyright Act, 17 U.S.C. §§ 504, 505. However, in order to obtain statutory damages, attorney's fees, or costs in a copyright infringement action, the copyright owner must have registered the copyright either prior to the infringement or within three months of publication. 17 U.S.C. § 412; *Cable/Home Communication Corp. v. Network Productions, Inc.*, 902 F.2d 829 (11th Cir. 1990). Because plaintiff's work has not been registered by the United States Copyright Office, (Doc. 18, Ex. 2-7), remedies under 17 U.S.C. § 504 and § 505 are not applicable.

**B. Damages Under the Lanham Act**

Plaintiff also contends it is entitled to damages, costs, and attorney's fees under the Lanham Act. Under the Lanham Act, a plaintiff who has established a violation of a right of a registered mark, or a violation under section 1125(a), 1125(d), or 1125(c) of the Act, is entitled to recover (1) defendant's profits, (2) any damages sustained by the plaintiff, and (3) the costs of the action. 15 U.S.C. § 1117(a). The relief provided by the Lanham Act is not limited to registered marks, but extends to unregistered marks as well. *See Rickard v. Auto Publisher, Inc.*, 735 F.2d 450, 458 (11th Cir. 1984). The plaintiff need only prove defendant's sales in assessing profits, and the defendant must prove all elements of costs or deductions claimed. 15 U.S.C. § 1117(a).

Plaintiff submitted summaries of invoices showing Ocean Textiles's sales of plaintiff's products to Noble Home Fashions, LLC, a former defendant in this case.[4] The invoices show a total of $128,902.11 paid to Ocean Textiles for products containing copies of plaintiff's "Dear Santa" design, and the same amount paid to defendant for products containing plaintiff's "Be Naughty" design, for a total of $257,804.22 in infringing sales. (Doc. 52-1 at 13-14.) In addition to affidavits of plaintiff's counsel in support of the amount of sales, (Doc. 51-1; Doc. 52-1 at 1-3), plaintiff also submitted deposition testimony of Panis Diamantis and Lisa Overman, (Doc. 52-1 at 5-11, Ex. A; Doc. 52-1 at 16-20, Ex. B). Panis Diamantis, General Manager of Noble Home Fashions, testified that he was responsible for placing the order with Ocean Textiles and for paying Ocean Textiles for the products by wire transfer. (Doc. 51-1 ¶ 6, Finch Aff.; Doc. 52-1 at 6-7, Diamantis Depo.) Diamantis further testified that Noble Home Fashions paid Ocean Textiles the full amounts reflected on the invoices. (Doc. 52-1 ¶ 7, Finch Aff.; Doc. 52-1 at 8, Diamantis Depo.) Lisa Overman, the business manager of Noble Home Fashions, testified that Noble Home Fashions ordered 38,400 each of the "Dear Santa" and "Be Naughty" pillows from defendant, as indicated on the invoices. (Doc. 52-1 ¶ 8, Finch Aff.; Doc. 52-1 at 17-18, 19-20, Overman Depo.; Doc. 52-1 at 13-14.)

The court finds that this testimony properly authenticates the business records showing the amount of Ocean Textiles's sales to Noble Home Fashions. Because Ocean

---

[4] Noble Home Fashions, LLC was dismissed on plaintiff's motion on December 16, 2009. (Docs. 37 & 38.)

Textiles has failed to appear and present any evidence of costs or deductions claimed, the amount of $257,804.22 is a proper measure of damages under the Lanham Act.

**C. Attorney's Fees**

The Lanham Act also allows for reasonable attorneys fees in "exceptional cases." 15 U.S.C. § 1117(a). Such an award is available in actions under section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), that involve unregistered trademarks. *Rickard*, 735 F.2d at 457. "Exceptional cases" are those where the infringement can be characterized as malicious, fraudulent, deliberate, or willful. *Lipscher v. LRP Publications, Inc.*, 266 F.3d 1305, 1320 (11th Cir. 2001). Paragraph 36 of the Complaint states that "defendant's unauthorized use of the LaShea designs was willful, deliberate or fraudulent within the meaning of the Lanham Act." (Doc. 18 ¶ 36, Am. Compl.) By its default, defendant Ocean Textiles admits the allegations of the well-pleaded complaint. *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987). Accordingly, plaintiff's claim against Ocean Textiles is appropriately considered "exceptional" under the Lanham Act.

"Although a case may rise to the level of exceptionality, the decision to grant attorney fees remains within the discretion of the trial court." *Burger King Corp. v. Pilgrim's Pride Corp.*, 15 F.3d 166, 168 (11th Cir. 1994). Even in a default judgment, the court has an obligation to ensure there is a legitimate basis for any damages it awards. *Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003). In support of its claim for attorney's fees, plaintiff submitted an Affidavit of plaintiff's counsel, F. Lane Finch, Jr. (Doc. 51-1, Finch Aff.) In the Affidavit, Finch states that he "has agreed to handle this matter on a 40%

contingency and seeks attorneys fees of $103,121.68, which is far less than the hourly value of the time expended to date on behalf of the Plaintiff. The foregoing opinion is based on my continuous practice as a litigation attorney since 1987." (Doc. 51-1 ¶ 7, Finch Aff.) The figure of $103,121.68 is 40% of $257,804.22, the amount of defendant's infringing sales to Noble Home Fashions.

The Lanham Act provides for the award of "reasonable" attorney's fees. 15 U.S.C. § 1117(a). The court cannot award the 40% contingency fee, therefore, before knowing whether that amount represents a reasonable fee for the case. To determine a reasonable attorney's fee, the court must multiply the number of hours reasonably expended on the case by a reasonable hourly rate, resulting in a "lodestar" amount. *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994). As evidence in support of the fee award, Finch avers that plaintiff's counsel has expended "more than 400 hours in prosecuting the claims against Ocean Textiles *and others*." (Doc. 51-1 ¶ 7) (emphasis added). The court cannot determine from this statement, however, how much time was spent in prosecuting plaintiff's claim against Ocean Textiles, a defendant who has not appeared or otherwise challenged the allegations brought against it. Without this information, the court is unable to determine the reasonableness of the time spent on the case, and, therefore, also cannot determine the reasonableness of the fee award. The use of a contingency fee agreement is not conclusive as to the amount of attorney's fees that shall be awarded. *See Blanchard v. Bergeron*, 489 U.S. 87, 92 n.5, 93 (1989) (noting that existence of contingency fee agreement is only one factor in determining reasonableness of attorney's fee award, and that Civil Rights Attorney's

Fees Award Act's provision which allowed for a reasonable attorney's fee "contemplates reasonable compensation . . . for the time and effort expended by the attorney for the prevailing plaintiff, no more and no less. . . The defendant is not . . . required to pay the amount called for in a contingent-fee contract if it is more than a reasonable fee. . ."); *see also Silva v. Miller*, 307 Fed. Appx. 349, 351-52 (11th Cir. 2009) (per curiam) (in FLSA case, court could not award attorney's fee under contingency fee agreement if the amount would be "greater than the amount determined to be reasonable after judicial scrutiny").

For the reasons stated, the court finds that plaintiff's Renewed Motion for Entry of Default Judgment, (doc. 51), is due to be granted in part and denied in part. The Renewed Motion for Entry of Default Judgment is due to be granted in the amount of $257,804.22, representing defendant's wrongful profits, plus post-judgment interest at the statutory rate. The Renewed Motion is due to be denied with respect to attorney's fees, with leave to re-file the Motion with evidence such as attorney time records, copies of fee arrangements, and affidavits or other evidence in support of the amount of time spent prosecuting the claims against Ocean Textiles.[5]

Done this 29th day of August, 2011.

*Sharon Lovelace Blackburn*
SHARON LOVELACE BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE

---

[5]Counsel are not required to produce all such evidence, but at a minimum must submit an Affidavit setting forth the amount of time spent pursuing plaintiffs' claims against Ningbo Ocean Textimes Co., Ltd., as well as the hourly rate charged by plaintiffs' counsel.